## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Christopher Palmer,**
**Petitioner Below, Petitioner**

**FILED**

**October 13, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 16-1076** (Summers County CC-45-2012-F-85)

**Marvin Plumley, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christopher Palmer, pro se, appeals the October 14, 2016, order of the Circuit Court of Summers County denying his petition for a writ of habeas corpus. Respondent Marvin Plumley, Warden, Huttonsville Correctional Center, by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 10, 2012, petitioner broke into a residence in Summers County, West Virginia, and stole personal property worth a total of $1,700. In November of 2012, a grand jury indicted petitioner on one count of burglary and one count of grand larceny. On August 26, 2013, the parties entered into a plea agreement, wherein petitioner agreed to plead guilty to the grand larceny charge and the State agreed to dismiss the burglary charge. The State also agreed to recommend that petitioner be released on a $5,000 personal recognizance bond pending sentencing and that he receive probation rather than a term of incarceration. The plea agreement provided that the recommendation of probation was non-binding as it was "understood that the matter of sentencing is within the sole discretion of the [circuit court], and the sentence imposed by the [c]ourt may be different than any one that might be agreed to or recommended by the parties."

At an August 26, 2013, hearing, the Summers County Circuit Court found that petitioner knowingly and intelligently waived his constitutional rights and entered a guilty plea to the grand larceny charge. Pursuant to the plea agreement, the circuit court dismissed the burglary charge and released petitioner on a $5,000 personal recognizance bond with the following conditions: (1) that he report to the Summers County Day Report Center no later than August 30, 2013; (2) that he attend substance abuse counseling as directed by the probation department and stay away from

1

establishments that serve alcohol and "in which it is being consumed"; and (3) that he not violate the "laws of this State, any other State, the United States, or any political subdivision thereof."

Petitioner's sentencing in the instant case did not occur until May 16, 2014, because he was arrested for breaking into another residence in Fayette County, West Virginia, in the interim. At the sentencing hearing, the Summers County Circuit Court denied petitioner's motion for probation and sentenced him to one to ten years of incarceration for his grand larceny conviction. As reflected in the circuit court's June 6, 2016, sentencing order, the court advised petitioner that he had a right to appeal "said sentence" and that it "may reconsider the sentence in this matter, if [petitioner] is placed on [p]robation in Fayette County." Petitioner did not appeal either his conviction or his sentence in the instant case.

In November of 2014, a Fayette County jury found petitioner guilty of burglary and conspiracy to commit a felony. The Fayette County Circuit Court sentenced petitioner to two to fifteen years of incarceration for burglary and to one to five years of incarceration for conspiracy to commit a felony, with a sentencing enhancement for his burglary conviction. The Fayette County Circuit Court also made petitioner's sentences consecutive to each other and consecutive to his Summers County sentence. Petitioner appealed his Fayette County convictions, which were affirmed by this Court in *State v. Palmer*, No. 15-0858, 2016 WL 4611221 (W.Va. September 6, 2016) (memorandum decision).

On July 28, 2016, petitioner filed a petition for a writ of habeas corpus in the Summers County Circuit Court challenging his grand larceny conviction on the ground that the State violated the plea agreement by failing to recommend probation at the May 16, 2014, sentencing hearing. Petitioner would have known whether the State violated the plea agreement at the time of that hearing; therefore, the circuit court found that he waived any such violation by not filing a criminal appeal in the instant case. Accordingly, the circuit court denied habeas relief by order entered on October 14, 2016. Petitioner now appeals the circuit court's October 14, 2016, order denying his habeas petition.

We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006). "An appellate court is not limited to the legal grounds relied upon by the circuit court, but it may affirm or reverse a decision on any independently sufficient ground that has adequate support." *Murphy v. Smallridge*, 196 W.Va. 35, 36-37, 468 S.E.2d 167, 168-69 (1996).

On appeal, petitioner reiterates his contention that the State violated the plea agreement by failing to recommend probation at the May 16, 2014, sentencing hearing.[1] Respondent counters that there are two independently sufficient grounds to affirm the circuit court's denial of habeas relief.

Respondent first argues that the circuit court properly denied petitioner's habeas petition based on its finding of waiver because petitioner failed to file a criminal appeal alleging that the plea agreement was violated. However, we decline to affirm on this ground. *See Losh v. McKenzie*, 166 W.Va. 762, 765-66, 277 S.E.2d 606, 609-10 (1981) (finding that, in enacting the West Virginia Post-Conviction Habeas Corpus Statute, West Virginia Code §§ 53-4A-1 to -11, "the Legislature clearly intended that the concept of waiver was not to be interpreted in a strict, artificial, procedural sense" because it "selected the phrase 'intelligently and knowingly'" in West Virginia Code § 53-4A-1(c)).

We choose to affirm on the alternative ground that the record on appeal does not reflect that the State violated the plea agreement. In syllabus point 12 of *State v. Hargus*, 232 W.Va. 735, 753 S.E.2d 893 (2013), we held as follows:

> "An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment." Syllabus Point 5, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966).

*See also* Rule 10(c)(7), W.V.R.A.P. (providing that we "may disregard errors that are not adequately supported by specific references to the record on appeal").

Petitioner does not include the sentencing transcript in his appendix.[2] Respondent argues that no error affirmatively appears from the record on appeal because (1) the plea agreement provided that "the matter of sentencing is within the sole discretion of the [c]ourt, and the sentence imposed by the [c]ourt may be different than" the State's recommendation; and (2) petitioner

---

[1]Petitioner also assigns error to the circuit court's releasing him on a personal recognizance bond prior to sentencing without ordering more intensive drug rehabilitation than substance abuse counseling and reporting to the Summers County Day Report Center. Respondent counters that we should not consider this issue because it was not raised with the circuit court. We agree with respondent and decline to address the issue. Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958) (holding that "[t]his Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance").

[2]In petitioner's notice of appeal filed with this Court on November 16, 2016, he advised that a transcript was not necessary for our consideration of his appeal. Respondent states that according to the Circuit Clerk of Summers County, no transcript of the May 16, 2014, sentencing hearing has been prepared, as it was not requested by petitioner.

showed that he was a poor candidate for probation by committing similar criminal conduct in Fayette County while free on bond awaiting sentencing in the instant case. We agree and find that petitioner fails to prove the error of which he complains. Therefore, because no violation of the plea agreement is reflected in the record on appeal, we conclude that the circuit court properly denied petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's October 14, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:**   October 13, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4